IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

RACHELLE O'DELL,                                  PLAINTIFF
on behalf of herself and
others similarly situated,

v.                                                CIVIL ACTION NO.   1:16-CV-127  (Keeley)

NATIONAL HOSPITAL
COLLECTIONS, L.L.C.,                              DEFENDANT

> ELECTRONICALLY
> FILED
> Jun 20 2016
> U.S. DISTRICT COURT
> Northern District of WV

## CLASS ACTION COMPLAINT

### Parties

1.    The Plaintiff, Rachelle O'Dell, formerly Rachelle Phares, is a resident of West

Virginia.

2.    The Defendant, National Hospital Collections, L.L.C., (herein "National Hospital

Collections") is a limited liability company with its principal offices located at 16 Distributor

Drive, Suite 2, Morgantown, Monongalia County, West Virginia, with its Chief Operating

Officer located at the same address, and which does business in West Virginia. National

Hospital Collections' organizers are located at 512 Monongahela Building, PO Box 873,

Morgantown, Monongalia County, West Virginia, 26507.

### Jurisdiction and Venue

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's allegations

present a federal question pursuant to the federal Fair Debt Collections Practices Act, 15

U.S.C. 1692 *et seq.*

4.  Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1), as Defendant's principal place of business and officers reside in Monongalia County, West Virginia.

### Factual Background

5.  After the Plaintiff became in arrears upon an alleged indebtedness to Summersville Regional Medical Center, Summersville Regional Medical Center placed Plaintiff's indebtedness with the Defendant to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications, and by otherwise communicating with Plaintiff to collect the alleged debt.

6.  Defendant National Hospital Collections mailed Plaintiff an initial communication letter for two separate accounts titled "Collection Warning Letter" that did not advise Plaintiff of her rights to validation and/or verification of the debt dated August 14, 2015.  See Exhibits 1 and 2.

7.  Defendant National Hospital Collections characterized Plaintiff's account statuses as a "Billing Service" rather than "Delinquent."  See Exhibits 1 and 2.

8.  Defendant National Hospital Collections' August 14, 2015, letter constituted a collection ploy, using the threat of a "Collection Warning Letter" as a blunt force weapon to coerce the Plaintiff's payment of an alleged debt.

9.  Plaintiff's counsel mailed a letter to Summersville Regional Medical Center on October 6, 2015, advising that Plaintiff was represented by counsel regarding account

4712195 and any other account that Mr. and Mrs. O'Dell had with Summersville Regional

Medical Center.  See Exhibit 3.

10.  Two months after its initial communication with Plaintiff, and twenty-four (24)

days after being informed that Plaintiff was represented by counsel regarding these accounts,

Defendant National Hospital Collections mailed Plaintiff another letter on October 30, 2015,

stating that her "seriously past due account has been listed for collection" and included a

disclosure informing Plaintiff that:

> Unless you notify this office within 30 days after receiving this notice that you
> dispute the validity of this debt or any portion thereof, this office will assume this
> debt is valid.  If you notify this office in writing within 30 days from receiving
> this notice that you dispute the validity of this debt or any portion thereof, this
> office will obtain verification of the debt or obtain a copy of the judgment and
> mail you a copy of such judgment or verification.  If you request this office in
> writing within 30 days after receiving this notice this office will provide you with
> the name and address of the original creditor, if different from the current
> creditor.  See Exhibit 4.

11.  Thereafter in early December 2015, Plaintiff received harassing telephone

collection calls from Defendant.

12.  Defendants' conduct is of a kind which has the natural consequence of causing

harassment, oppression, abuse, aggravation, annoyance, and inconvenience of which the

Defendants knew or reasonably should have known would be the natural consequences of

said conduct.  Accordingly, where intent or willfulness is required to hold Defendants liable

for their conduct, intent or willfulness may be implied by the nature of said conduct.

13.  Defendants' conduct as set forth herein have caused the Plaintiff undue and unreasonable harassment, oppression, abuse, aggravation, annoyance, and inconvenience by having to bring suit due to the illegal conduct of the Defendants.

14.  Plaintiff has suffered as a result of the stress caused by the harassment, oppression abuse, aggravation, annoyance, and inconvenience caused by the Defendant.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

15.  The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16.  The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

17.  The Defendant, National Hospital Collections, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia.

18.  The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

a.  attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

b.  threatening to take any action prohibited by this chapter or other law regulating the debt collector's conduct in violation of *West Virginia Code* §46A-2-124(f);

c.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

d.  causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

e.  utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt, including the failure to inform Plaintiff of her rights to validation and verification of the alleged debt in Defendant's initial communication with Plaintiff, in violation of *West Virginia Code* §46A-2-127; and

f.  using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

19.  As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

20.  The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

21. The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

22. The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

23. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

24. Plaintiff seeks compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

25. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT III

#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

27. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a. Defendant has adopted policies and procedures without regard to West Virginia law or Federal law, which violate West Virginia and Federal law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

b. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

28. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

29. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### COMMON LAW INVASION OF PRIVACY

30. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

31. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls and collection letters.

32.   The acts of the Defendant in placing telephone calls to Plaintiff's telephone number and mailing harassing letters to her home mailing address invaded, damaged and harmed Plaintiff's right of privacy.

33.   As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

34.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

35.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

36.   The Plaintiff is a "consumer" who falls under the protection of 15 U.S.C. 1692a(3) (herein "FDCPA") and is entitled to the remedies set forth in Section 1692k of the FDCPA.

37.   The Defendant, National Hospital Collections, Inc., is a debt collector as defined by 1692a(6) of the FDCPA engaging directly or indirectly in debt collection within the State of West Virginia.

38.   The Defendant has engaged in repeated violations of 1692 of the *Fair Debt Collection Practices Act*, including but not limited to,

a.   failing to notify Plaintiff within five days after its initial communication in writing of Plaintiff's rights to seek validation of the debt in violation of 15 U.S.C. 1692g(a);

b.   using deceptive or misleading representations or means in an attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. 1692e(10); and

c.   using unfair and/or unconscionable means to collect a debt from Plaintiff in violation of 15 U.S.C. 1692f.

39.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *CLASS CLAIMS FOR RELIEF*

40.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

41.   This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class as follows: all consumers with West Virginia addresses who were mailed letters of the type attached hereto as Exhibits 1-2 or substantial equivalents, in an attempt to collect a claim owed by a consumer at any time within four years prior to the filing of this civil action (which letters were not returned by the United States Post Office as undeliverable), and who have not previously filed an individual civil action alleging a similar violation of West Virginia law.

42.   Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

43.  The putative class is so numerous that joinder of all members is impractical.

44.  There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members.

45.  The principal common issues involve whether Defendant National Hospital Collections' conduct regarding the aforementioned letter(s) constitutes a violation of the unfair debt collection practices provisions of the WVCCPA and FDCPA.

46.  One or more of Plaintiff's claims are typical of those of the putative class and said claims are based on the same legal and factual theories.

47.  Plaintiff will fairly and adequately protect the interests of the class.  She has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter.  Plaintiff is greatly annoyed at being the victim of Defendant's illegal and fraudulent conduct and wishes to see that wrong remedied.  To that end, Plaintiff has hired counsel experienced in claims involving unfair business practices.

48.  Neither the Plaintiff nor her counsel has any interest that might prevent them from vigorously pursuing this claim.

49.  A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

50.  The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are

unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

51.   The management of this class claim is likely to present significantly fewer difficulties that those presented in many larger, and more complex, class actions.

52.   As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A.   Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) and as authorized by 15 U.S.C. 1692k(a)(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.   Statutory damages for Plaintiff and each member of the putative class in the maximum amount  authorized by 15 U.S.C. 1692k(a)(2)(A)-(B) and authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.   Plaintiff's and each member of the putative class's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104 and pursuant to 15 U.S.C. 1692k(a)(3);

D.   The Plaintiff be granted general compensatory damages for Defendant's conduct alleged in Counts II-IV;

E.   Such other relief as the Court shall deem meet and proper under the attendant circumstances.

RACHELLE O'DELL
ON BEHALF OF HERSELF AND ALL
OTHERS SIMILARLY SITUATED

BY COUNSEL

HAMILTON, BURGESS, YOUNG
     & POLLARD, *pllc*

BY:   /s/ Jed R. Nolan
      Ralph C. Young  *(W. Va. Bar #4176)*
         ryoung@hamiltonburgess.com
      Christopher B. Frost  *(W. Va. Bar #9411)*
         cfrost@hamiltonburgess.com
      Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
         sbroadwater@hamiltonburgess.com
      Jed R. Nolan *(W. Va. Bar #10833)*
         jnolan@hamiltonburgess.com
      *Counsel for Plaintiff*
      P O Box 959
      Fayetteville, WV 25840
      304-574-2727